**STATE of Minnesota, Appellant,**

v.

**Theodore Harold JOHNSON, Respondent.**

No. A05–1971.

Court of Appeals of Minnesota.

April 18, 2006.

Mike Hatch, Attorney General, St. Paul, MN; and Martin J. Costello, Russell J. Platzek, Katrina E. Joseph, Hughes & Costello, St. Paul, MN, for appellant.

Douglas V. Hazelton, Minneapolis, MN, for respondent.

Considered and decided by DIETZEN, Presiding Judge; WILLIS, Judge; and WORKE; Judge.

## OPINION

WORKE, Judge.

On appeal from a pretrial order granting a motion to suppress evidence of intoxication and dismiss charges of third-degree DWI, the state argues that the district court clearly erred in ruling that the officer, who saw that the engine compartment of respondent's motorcycle was illuminated by purple recessed lighting, did not have an objective legal basis to stop respondent because the low-level lighting did not actually violate the statute prohibiting unauthorized colored lighting on vehicles. Because the light configuration on respondent's motorcycle violated Minn.Stat. § 169.64 (2004), the district court erred in dismissing the charges against respondent. We reverse and remand for further proceedings.

## FACTS

On July 21, 2005, a police officer observed a Harley Davidson motorcycle displaying a purple light in the engine compartment in the lane next to the officer at a red light. The entire engine, an area of approximately one and one-half square feet, was illuminated purple by recessed lighting, such that the metal and chrome of the engine were illuminated purple. The officer followed the motorcycle to the next red light. Believing the motorcycle's light configuration to be illegal, the officer conducted a traffic stop of the motorcycle and identified the driver as respondent Theodore Harold Johnson. As a result of the traffic stop and the subsequent DWI investigation, respondent was charged with third-degree driving while impaired, in violation of Minn.Stat. § 169A.20, subd. 1(1) (2004), and third-degree operating a motor vehicle with an alcohol concentration of .10 or more within two hours, in violation of Minn.Stat. § 169A.20, subd. 1(5) (2004).

At a pretrial hearing, respondent moved the district court to suppress evidence gathered as a result of the stop arguing that the officer lacked a reasonable, articulable suspicion for the stop, and requested that the charges be dismissed. The district court granted respondent's motion and dismissed the charges. This appeal follows.

## ISSUE

Did a reasonable, articulable suspicion exist to justify the traffic stop of respondent's motorcycle?

## ANALYSIS

A mixed question of law and fact requires the appellate court "to apply the controlling legal standard to historical facts" as determined by the district court. *State v. Wiernasz*, 584 N.W.2d 1, 3 (Minn. 1998) (footnote omitted). "The [district] court's factual findings are subject to a clearly erroneous standard of review." *State v. Critt*, 554 N.W.2d 93, 95 (Minn. App.1996), *review denied* (Minn. Nov. 20, 1996). But "when reviewing a pre-trial order suppressing evidence where the

facts are not in dispute and the [district] court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed." *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn.1992). Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

■■■ In general, state and federal constitutions allow an officer to conduct a limited investigatory stop of a motorist if the state can show that the officer had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); *see also Berge v. Commissioner of Pub. Safety*, 374 N.W.2d 730, 732 (Minn.1985). In order to justify such an investigatory stop, "[t]he police must only show that the stop was not the product of mere whim, caprice or idle curiosity, but was based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' " *State v. Pike*, 551 N.W.2d 919, 921–22 (Minn.1996) (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). Generally, "if an officer observes a violation of a traffic law, however insignificant, the officer has an objective basis for stopping the vehicle." *State v. George*, 557 N.W.2d 575, 578 (Minn.1997); *see also, e.g., State v. Pleas*, 329 N.W.2d 329, 333 (Minn.1983) (upholding a stop based on an officer's observation of a broken windshield, no front license plate, and upside down rear license plate); *State v. Barber*, 308 Minn. 204, 241 N.W.2d 476, 476 (1976) (upholding a stop based on an officer's observation that a vehicle's license plates were wired on rather than bolted on).

■■ Appellant argues that there was a reasonable, articulable suspicion sufficient to justify stopping respondent, and that the district court's ruling should be reversed and the charges against respondent reinstated. The district court ruled that, while the officer may have had a subjective good-faith belief that a statute was being violated by the light configuration, there was no objective legal basis concluding that the purple light constituted a violation of the law. The district court reasoned that because the light was of a "low level," it was only a "glow," and it was not "distracting" or "unsafe," it did not constitute a "display" of lights under Minn.Stat. § 169.64, subd. 2 (2004), and, therefore, no objective legal basis existed for the traffic stop of respondent's motorcycle.

■■ Here, the purple light configuration on respondent's motorcycle violates Minn.Stat. § 169.64, subd. 2, which states that "[u]nless otherwise authorized by the commissioner of public safety, no vehicle shall be equipped, nor shall any person drive or move any vehicle or equipment upon any highway with any lamp or device displaying a red light or *any colored light other than those permitted in this chapter.*" (Emphasis added.) Appellant's argument requires us to interpret the meaning of "display." The primary object of statutory interpretation is to discern and effectuate the intention of the legislature. Minn.Stat. § 645.16 (2004); *Olmanson v. LeSueur County*, 693 N.W.2d 876, 879 (Minn.2005). In doing so, when the meaning of the statutory term is clear, we apply the statute's plain meaning. *Molloy v. Meier*, 679 N.W.2d 711, 723 (Minn.2004). We construe words and phrases in accordance with common usage, *Sprint Spectrum LP v. Commissioner of Revenue*, 676 N.W.2d 656, 662 (Minn.2004), and in the context of the entire statutory provision.

*ILHC of Eagan, LLC v. County of Dakota,* 693 N.W.2d 412, 419 (Minn.2005).

The definition of "display" is "[t]o present or hold up to view," and "[t]o exhibit ostentatiously; show off." *The American Heritage College Dictionary,* 400 (3d ed.2000). Based on the officer's testimony, it is clear that the light did not shine on the ground, could not be seen from behind or in front of the motorcycle, and was only visible from the side. However, the statute does not contain these exceptions to the colored-light prohibition. Further, the statute does not make exceptions for colored lights of a "low level," that are only a "glow," or are not "distracting" or "unsafe." It appears that the purple light on respondent's motorcycle was for decorative purposes rather than additional illumination. This satisfies the plain meaning of display—respondent was showing off his motorcycle by displaying a purple light to illuminate the engine area. Regardless, whether the lighting was for decorative purposes or additional illumination, it is not permissible under the statute.

## DECISION

Because the light configuration on respondent's motorcycle violated Minn.Stat. § 169.64 (2004), a reasonable, articulable suspicion existed for the traffic stop and, therefore, the district court erred in dismissing the charges against respondent.

**Reversed and remanded.**